FILED

2015 Nov-06  PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **TERESA BOWEN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **4:14-CV-02350-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Teresa Bowen brings this action pursuant to 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g) of the Social Security Act ("the Act"), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that his decision—which has become the decision of the Commissioner—is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

## I.       Procedural History

Bowen filed her application for Title II Disability Insurance Benefits as well as a Title XVI application for supplemental security income on October 8, 2010, alleging a disability onset date of February 3, 2008 due to morbid obesity, right

carpal tunnel syndrome, right shoulder pain, diabetes, and degenerative disc disease of the spine. After the SSA denied her application, Bowen requested a hearing before an ALJ. (R. 140–141). The ALJ subsequently denied Bowen's claim, (R. 20), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1–4). Bowen then filed this action pursuant to § 405(g) on December 5, 2014. Doc. 1.

## II.    Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.   Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20

C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in

sequence:

    (1)     whether the claimant is currently unemployed;
    (2)     whether the claimant has a severe impairment;
    (3)     whether the impairment meets or equals one listed by the Secretary;
    (4)     whether the claimant is unable to perform his or her past work; and
    (5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative

answer to any of the above questions leads either to the next question, or, on steps

three and five, to a finding of disability.  A negative answer to any question, other

than step three, leads to a determination of 'not disabled.'"  *Id*. at 1030 (citing 20

C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to

prior work the burden shifts to the Secretary to show other work the claimant can

do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must

meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied]

when a claimant seeks to establish disability through his or her own testimony of

pain or other subjective symptoms."  *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th

Cir. 1991).  Specifically,

The pain standard requires (1) evidence of an underlying medical
condition and either (2) objective medical evidence that confirms the
severity of the alleged pain arising from that condition or (3) that the

objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

## IV.   The ALJ's Decision

In performing the five step analysis, the ALJ found that Bowen had not engaged in substantial gainful activity since February 3, 2008, and therefore met Step One. (R. 24). Next, the ALJ found that Bowen satisfied Step Two because she suffered from the severe impairment of "morbid obesity." *Id.* In this step, the ALJ also recognized Bowen's "right carpal tunnel syndrome, right shoulder pain, diabetes, and cervical disc degeneration," but stated that based on the evidence these constituted no more than slight abnormalities that could not be expected to produce more than minimal work related limitations. (R. 25). The ALJ then proceeded to the next step and found that Bowen did not satisfy Step Three since she "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. 25). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at

6

1030, he proceeded to Step Four, where he determined that Bowen has the residual

functional capacity (RFC) to "perform sedentary work" and can "sit six hour [sic]

stand two hours in an eight hour day." (R. 26). Lastly, in Step Five, the ALJ

considered Bowen's age, education, work experience, and RFC, and determined

"[Bowen] is capable of making a successful adjustment to other work that exists in

significant numbers in the national economy." (R. 30). Therefore, the ALJ found

that Bowen "has not been under a disability, as defined in the Social Security Act,

from February 3, 2008." *Id.*

## V.    Analysis

Bowen raises multiple contentions of error which the court will outline and

address below. None of the contentions, however, establish that the ALJ

committed reversible error. Therefore, for the reasons below the court rejects each

of these contentions and affirms the ALJ's decision.

   *1.  Alleged failure to include all impairments in the ALJ's hypothetical
       questions*

Bowen first contends that the ALJ erred by not including any of the significant

limitations noted by a medical expert regarding the use of her right arm in his

hypothetical to the vocational expert ("VE") at the final hearing regarding her

claim. Doc. 11 at 18. While Bowen is correct that generally in order for testimony

from the VE "to constitute substantial evidence, the ALJ must pose a hypothetical

question which comprises all of the claimant's impairments," *Wilson v. Barnhart,* 284 F.3d 1219, 1227 (11th Cir. 2002), the ALJ is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported," *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158 (11th Cir. 2004). Relevant here, the ALJ held three hearings on Bowen's claims. Only the third hearing is at issue here. At that hearing, VE Norma Strickland attended the entire time, (R. 39, 91), and as to the hypothetical, which is the basis for Bowen's contention of error, the ALJ first asked:

> "I'm dealing with a hypothetical person, a younger individual with a limited education. The gait is normal. She can walk on her heels, tiptoes and squats partially. This person could get on and off an exam table without any difficulty, left-handed, and carries no assistive device. […] The nerves are intact, no motor or sensory defects. No focal disk [sic] herniation or spinal canal stenosis. … Could such a hypothetical person perform the past relevant work as performed by the Claimant or performed in the national economy?"

(R. 44–45). When the VE asked for clarification with respect to any limitations on employment, the ALJ then further developed his hypothetical:

> "..if I were to accept this consultative exam which was done, I don't know, a couple months ago, that is two months ago, then the only thing that we have in those restrictions is morbid, morbid obesity…. And to give her the benefit of the doubt, we'll say can do only sedentary work, she can't stand eight hours. She can sit six hours in an eight hour and stand two hours."

(R. 46). This exchange is the basis for Bowen's contention that the ALJ failed to include all of Bowen's impairments in the hypothetical.

Contrary to Bowen's contention, this hypothetical clearly contained Bowen's restrictions relating to her obesity and other attendant impairments and was designed to elicit testimony as to whether jobs existed that Bowen could perform. Further, the VE sat through the entire hearing, as well as the first hearing, and thus heard all of the testimony, including Bowen's testimony about her pain and limitations relating to those symptoms. Based on the testimony the VE heard and the hypothetical, the VE testified that Bowen could perform the full range of sedentary work with normal breaks, and specifically identified telephone clerk, general office clerk, and woodworking inspector as jobs that existed. (R. 47). Additionally, even when Bowen's attorney questioned the VE about Bowen's ability to work given her subjective pain complaints, (R. 47), the VE stated that even in that case, Bowen could still perform sedentary work. (R. 47–48).

In short, the ALJ and the VE clearly took into account Bowen's documented limitations in making an assessment of Bowen's ability. Therefore, substantial evidence supports the ALJ's assessment that Bowen could perform sedentary work with normal breaks.

### 2. *Alleged failure to properly assess the severity of all impairments*

Bowen appears to argue that the ALJ arbitrarily denied her claims because the ALJ did not specifically refer to every piece of evidence in making his decision.

This contention is unavailing because in this circuit, "there is no rigid requirement that the [administrative law judge] specifically refer to every piece of evidence in his decision so long as our Court can conclude [that] the [administrative law judge] considered [the claimant's] medical condition as a whole." *Parks ex rel. D.P. v. Comm'r Soc. Sec. Admin.*, 783 F.3d 847, 852 (11th Cir. 2015). Relevant here, it is clear from the ALJ's opinion that he, in fact, considered the medical condition as a whole.

The ALJ began with a discussion of Bowen's claimed impairments of obesity, right carpal tunnel syndrome, right shoulder pain, diabetes, and cervical disc degeneration, and noted that, based on "medically acceptable evidence" Bowen suffered from the severe impairment of obesity, (R. 24), and that Bowen had carpal tunnel release surgery in March 2009 which proved successful because Bowen had not complained of significant wrist pain since then. (R. 24). The ALJ then moved to Bowen's diagnosis of acute hyperglycemia, acute non-specific headache, and dehydration in November 2008 where the ALJ pointed out that other than some tenderness in her spine, Bowen has a normal physical examination in November 2008. (R. 24). The ALJ's finding is consistent with the opinions of two impartial medical examiners, Dr. Darius Ghazi and Dr. Allen Levine, who testified that although Bowen suffers from chronic pain syndrome, "and obesity with related problems, she does not have any significant limitations," (R. 25), and that Bowen

made no mention of carpal tunnel in her medical records after 2009. (R. 25). Dr. Levine also noted that while Bowen may have pain, none of her treating physicians performed any imaging studies that could support a diagnosis of degenerative disc disease. (R. 25). Moreover, both doctors testified that:

> "none of the claimant's impairments meet or medically exceed a listing. They noted her physical examinations, which does not show any extreme loss of din or gross manipulation of either upper extremities, no evidence of any nerve root or spinal cord compromise, no radiculopathy, no motor or sensory deficits, but which do show normal strength, normal sensation, and normal reflexes."

(R. 25).This record establishes that the ALJ considered Bowen's ailments as a whole, and properly found that the impairments of right carpal tunnel syndrome, right shoulder pain, diabetes, and cervical disc degeneration were not severe enough to produce "more than minimal, if any, work-related limitations." (R. 25).

Finally, in assessing Bowen's RFC, the ALJ also relied heavily on the medical record as a whole. Specifically, the ALJ reviewed medical records from January 2007, noting that "X-rays of her right shoulder, right elbow, chest, abdomen, cervical spine, and left knee were all normal." (R. 27). He then moved to her October 2007 MRI results which showed a herniated disc and pointed out that Dr. Brian Scholl, who examined the MRI results, stated that the herniation was likely asymptomatic. (R. 27). The ALJ next discussed the 2009 orthopedist results, noting that they showed slight weakness in the right upper extremity muscles "and 2/4 deep tendon reflexes, [but o]therwise, [Bowen] had no focal sensory deficits."

(R. 27). Lastly, the ALJ pointed out physical examinations and x-rays from September 2010 showed normal results and that except for some back pain, during Bowen's pain management treatment from Dr. Morris Scherlis from September 2011 through June 2012, Bowen had normal physical examinations, apart from some back pain. (R. 27).

Based on the court's review, the record evidence is consistent with the ALJ's conclusion that Bowen's only severe impairment is her obesity. Moreover, the ALJ's discussion demonstrates that he made a careful review of the medical records prior to rendering his decision. Because this evidence supports the ALJ's determination that Bowen's impairments are not severe enough in combination to disqualify her from work, the court rejects Bowen's arguments on this issue.

### 3. Alleged abuse of discretion and/or bias

Bowen contends next that the ALJ erred either through bias or by abusing his discretion in determining that she was not disabled. The Eleventh Circuit requires that the ALJ conduct a full and fair hearing. *See Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996). Because a presumption of honesty and integrity exists for administrative agency adjudicators, *Schweiker v. McClure,* 456 U.S. 188, 195 (1982), to establish prejudice then, Bowen must show that the ALJ considered evidence outside of the record, *Miles* 84 F.3d at 1401. "To constitute bias, the

evidence must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Reynolds v. Colvin*, 2014 WL 2987658 *6 (N.D. Ala. July 2, 2014) (citing *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)). Where the claim of bias is not the result of extrajudicial sources, it must be "so extreme as to display clear inability to render fair judgment." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Finally, a claimant must present a claim of bias at the earliest opportunity. *Jarrett v. Comm'r of Soc. Sec.,* 422 F. App'x 869 (11th Cir. 2011); *Miles,* 84 F.3d at 1400.

Turning specifically to Bowen's contentions, the record is silent on whether Bowen made a claim of bias prior to this current appeal. Even in Bowen's first appeal to the Appeals Council, although Bowen presented a litany of complaints about the manner in which the ALJ conducts his hearings, there is no claim of bias. (R. 370–372). Instead, Bowen's primary contention centered on the ALJ purportedly giving too little weight to the testimony of the VE with respect to Bowen's subjective pain and ability to engage in work given the potential for absences. (R. 371). Bowen waited until this appeal to raise the allegation of bias, and even then she limits it to the ALJ's discussion of a closed period of benefits with Bowen's attorney prior to continuing the hearing. (Doc. 1 at 23–27). Unfortunately for Bowen, the offer of a closed period of benefits, in and of itself,

was not improper and is insufficient to establish bias. *Reynolds v. Colvin,* No. 2:12-cv-2643-AKK, 2014 WL 2987658 (N.D. Ala. July 2, 2014). Therefore, Bowen must show that the ALJ's bias was "so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551.

Other than the making of the offer, Bowen's only contention of bias was that the ALJ seemed interested in offering a closed period of disability and an alleged failure to properly weigh Dr. Lamott's testimony. Doc 1. This argument is based on Bowen's assertion that "the hearing really went downhill for Ms. Bowen after her attorney rejected the ALJ's unspecified offer of a closed period of disability for a second time." (Doc. 1 at 26–27). The record belies this contention. In fact, after the first rejection of an offer of a closed period, the ALJ continued to develop the record with the testimony of Dr. Lamott, whose testimony undermined Bowen's claim. *See* R. 78 and 79 (Testifying that Bowen "should be able to sit six out of eight hours with customary breaks, should be able to stand and walk six out of eight hours with customary breaks" and that while Bowen should avoid pushing and pulling with her right arm "she [otherwise] has unlimited use of the upper extremity for fine and gross manipulation."). Also, at the close of the second hearing, the ALJ stated that he would have another hearing to ensure that he had accurate medical evidence in order to present a correct hypothetical to the VE. (R. 85). Therefore, the court finds no evidence to support Bowen's contention that the

ALJ rendered an unfavorable decision as a result of her refusal to agree to a closed period of benefits.

Moreover, the ALJ is allowed to discredit subjective testimony as long as he "articulate[s] explicit and express reasons for doing so." *Wilson,* 284 F.3d at 1225. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam). In fact, in determining whether the pain standard is met, the ALJ is allowed to consider the credibility of the claimant's testimony, *see, Lamb* 847 F.3d at 1226, and can discredit subjective testimony of pain where the objective medical evidence fails to confirm the severity of the pain arising from the claimant's condition or to establish that the claimant has a medical condition of such a severity that it could be expected to give rise to the alleged pain, *see Holt,* 921 F.2d at 1223.

Here, the ALJ performed a comprehensive analysis of Bowen's medical records, as discussed above, and found that the record did not support Bowen's subjective claims of pain. (R. 28). In making this determination, the ALJ relied on the testimony of two consultative experts. *Id.* As the ALJ noted Dr. Ismail reportedly found that in spite of some lower back and shoulder pain, "[Bowen's] flexion, extension, supination and pronation of both the elbows were normal, as was the dorsiflexion, palmar flexion, ulnar and radial deviation of her wrists," and

that Dr. Sathyan Iyer found that "[Bowen] walked without an assistive device, her gait was normal, she could partially squat, and she could walk on her heels and tiptoes, …and had a full range of motion of her shoulders, elbows and wrists." (R. 28). Moreover, the ALJ noted that Bowen's self-reported activities did not support her subjective testimony of pain: "[Bowen] takes her son to school, washes the dishes and the laundry, preparing meals, and even mows the grass on a riding mower. While [Bowen] testified that she is pretty much homebound, she reported that she goes outside every day and she shops for groceries "'bi-daily.'" (R.28). He concluded that "Notwithstanding her allegations of pain, discomfort and physical limitations, treatment records and examinations do not provide evidence that would reasonably support a finding that [Bowen] is as physically limited as alleged. … Her self-reported physical limitations are not consistent with the medical evidence and she simply alleges a greater degree of debilitation than what objective medical evidence can support." (R. 29).

Based on the court's review of the record, it is readily apparent that the ALJ thoroughly recounted Bowen's medical records and pointed to examples where Bowen's subjective testimony contradicted her medical records. Accordingly, the court concludes that the ALJ clearly articulated his reasons for finding Bowen not credible. *See Wilson,* 84 F.3d at 1226 (noting that the "ALJ made a reasonable

decision to reject [the claimant's] subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so").

## VI.    Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Bowen is not disabled and can perform sedentary work is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching that determination. Therefore, the Commissioner's final decision is **AFFIRMED.** A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 6th day of November, 2015.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE